

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-18-00815-CV

**IN RE** Monica Martinez **RAMIREZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: November 21, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a pro se petition for writ of mandamus asserting the trial court abused its discretion by signing temporary orders more than four years after the hearing conducted on the real party in interest's application for temporary orders. We deny the petition.

On February 26, 2013, the trial court conducted a hearing on the real party in interest's application for temporary orders. The court signed the temporary orders on October 10, 2017. On October 31, 2018, relator filed her petition for writ of mandamus. Relator's broad complaint is that the trial court abused its discretion by waiting more than four years after the hearing to sign the temporary orders. However, in her petition, relator raises two questions: (1) is an order entered more than four years after a hearing consistent with Bexar County Local Rules, the Texas Rules

---

[1] This proceeding arises out of Cause No. 2004EM5-00428, styled *In the Interest of M.J.A., A Child*, pending in the 407th Judicial District Court, Bexar County, Texas, the Honorable Richard Price presiding.

of Civil Procedure, and the policy of a "speedy resolution" and (2) should the trial court have reevaluated the circumstances of the child as those circumstances may have changed over the more than four years since the hearing?

As to relator's first question, we note that the temporary orders indicate the hearing was recorded by two court reporters. However, the mandamus record does not contain any reporter's record from the hearing. Because we do not have a copy of the reporters' records, we do not know if the trial court made any oral rulings from the bench. The mandamus record contains a copy of the Case History, which indicates mediation was reported as unsuccessful on April 3, 2013; and motions to enter were filed on September 5, 2017 and October 4, 2017. Apparently, no other action occurred in the case until the trial court signed the temporary orders on October 10, 2017. The Case History also indicates a trial setting for October 22, 2018. Although we do not disagree with relator's concern that the trial court waited more than four years to sign written temporary orders, we cannot say on this record that the trial court abused its discretion. *See* TEX. R. APP. P. 52.3(h) ("The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record."); *see also* TEX. R. APP. P. 52.3(k) (necessary contents of appendix).

As to relator's question regarding a re-evaluation of changed circumstances, the mandamus record does not contain a copy of the real party in interest's application for temporary orders or the reporters' records. Therefore, we do not know if the real party in interest moved for temporary orders based on any changed circumstances or the basis on which the trial court entered the orders.[2] Furthermore, because relator does not challenge the merits of the temporary orders, any opinion by this court would be in the nature of an advisory opinion. *See Tex. Ass'n of Bus. v. Tex. Air*

---

[2] The section of the temporary orders pertaining to "Conservatorship" states only that "[t]he following orders are for the safety and welfare and in the best interest of the" child.

*Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) ("The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties."). The Texas Supreme Court has construed the separation of powers article of the Texas Constitution "to prohibit courts from issuing advisory opinions because such is the function of the executive rather than the judicial department." *Id.*

For these reasons, we must deny relator's petition for writ of mandamus.

PER CURIAM